IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Shahborn Emmanuel, #181418,           )
                                      )     Civil Action No. 6:10-1798-HFF-KFM
                    Petitioner,       )
                                      )     **REPORT OF MAGISTRATE JUDGE**
        vs.                           )
                                      )
Bernard McKie, Warden                 )
of Kirkland Correctional Institution, )
                                      )
                    Respondent.       )
_____)

        The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief

pursuant to Title 28, United States Code, Section 2241.

        Pursuant to the provisions of Title 28, United States Code, Section

636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to

review posttrial petitions for relief and submit findings and recommendations to the District

Court.


## BACKGROUND OF THE CASE

        The petitioner is currently confined in the Kirkland Correctional Institution, a

facility within the South Carolina Department of Corrections ("SCDC"), as the result of his

1991 conviction for trafficking in cocaine, for which he received a six-year sentence.  On

August 23, 1993, he escaped and in 1995 was arrested in North Carolina for new criminal

conduct.  In 1997, he was sentenced by The Honorable Richard L. Voorhees, Chief United

States District Judge for the Western District of North Carolina, to an 84-month term of

imprisonment "to run concurrently with any sentence defendant may currently be serving

or to which he currently may be subject"  (pet. resp. m.s.j., ex. G).[1]  It is undisputed that the

_____

        [1]The petitioner also reports receiving a 120-month sentence in 1999.

petitioner was not in the custody of the SCDC at the time Judge Voorhees sentenced him. While the petitioner was serving his federal sentence, the SCDC lodged a detainer to take custody of him upon his release.  On March 3, 2010, the petitioner satisfied his federal sentence, and he was returned to the SCDC to resume serving his 1993 state sentence from which he escaped.

The petitioner thereafter filed this action, claiming he should have received credit for his state sentence while he was in federal custody, based upon Judge Voorhees' Order cited above.  If so, he calculates that his state sentence should now be satisfied, and he should be released from state custody.  In response to the court's special interrogatories, the petitioner admitted that he decided not to pursue his claim in the SCDC prisoner grievance system because he was "already incarcerated on an expired sentence and the long process of the grievance procedure would only delay [his] release . . ." (special interrog. resp. 6(a) and (b), doc. no. 17).

On October 10, 2010, the respondent filed a motion for summary judgment, arguing that the petitioner had failed to exhaust his administrative remedies and that, in any event, the petitioner is not entitled to a writ of habeas corpus.  By order filed October 26, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion.  On December 6, 2010, the petitioner filed his opposition to the motion for summary judgment.

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

2

there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden

3

of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

Title 28, United States Code, Section 2241 provides:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. . . .
***
(c) The writ of habeas corpus shall not extend to a prisoner unless—
***
(3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241.

"Unlike petitions brought under §2254, which challenge the validity of a state court conviction and sentence, petitions brought under §2241 generally challenge the execution or implementation of a sentence, such as parole matters, sentence computation, calculation of good time credits, prison disciplinary actions, and transfers." *Clemmons v. South Carolina*, C.A. No. 0:08-cv-607-RBH, 2008 WL 2845636, at *1 (D.S.C. July 18, 2008). Accordingly, the petitioner's claims are properly analyzed pursuant to 28 U.S.C. § 2241.

As argued by the respondent, the petitioner is foreclosed from habeas relief because he has failed to exhaust his administrative remedies, and he has failed to demonstrate that exhaustion would be futile. "Before a prisoner can file a Section 2241 petition, he must exhaust his administrative remedies. . . . Failure to exhaust may only be excused upon a showing of cause and prejudice." *Groomes v. Warden*, C.A. No. 6:09-1750-PMD, 2010 WL 738306, at *5 (D.S.C. March 3, 2010) (citing *McClung v. Shearin*, No. 03-6952, 2004 WL 225093, at *1 (4th Cir. 2004)).

As set forth in his responses to the court's special interrogatories, the petitioner was aware of the SCDC grievance procedure but admittedly chose to bypass it because he did not want to wait for a formal complaint to be processed. However, thorough

4

state consideration and review is especially significant here, as "sentence and credit calculations are generally issues of state, not federal law, and these claims do not give rise to federal habeas jurisdiction unless the violation of state law amounts to a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Sumrall v. Simms*, No. 00-6325, 2000 WL 1283077, at *1 (4th Cir. 2000) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)); *see also Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir.1978)(quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).  SCDC's requirement that the petitioner serve the remainder of his sentence following his escape cannot be characterized as a complete miscarriage of justice.  While the petitioner's interpretation of Judge Voorhees' concurrent sentence pronouncement would allow for credit for time-served and the satisfaction of his SCDC sentence while in federal custody, the state must have the ability and opportunity to consider the issue in light of state law.  Moreover, the petitioner has failed to demonstrate that exhaustion would be futile.  The petitioner's projected release date is March 5, 2012 (Stephanie Willis aff. ¶ 7) and, as such, sufficient time appears to remain on his sentence for complete exhaustion.  Nothing the petitioner raises in his filings is so compelling as to excuse the exhaustion requirement.  Accordingly, because he failed to exhaust his administrative remedies, the petition should be dismissed.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, this court recommends that the respondent's motion for summary judgment (doc. 40) be granted.

s/Kevin F. McDonald
United States Magistrate Judge

January 26, 2011

Greenville, South Carolina

5